FILED
FEB 14 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1    PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

2    Name   Perkins        Randy          E.
            (Last)          (First)        (Initial)

3    Prisoner Number V-70775.

4    Institutional Address Pleasant Valley State Prison, 24863 W. Jayne Ave.,

5    P.O. Box 8503, Coalinga, California  93210-8503.

6    ============================================================

7              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA

8    RANDY E. PERKINS,                     )
     (Enter the full name of plaintiff in this action.)  )
9                                          )   CV  08    0950
                    vs.                    )   Case No. _____
10                                         )   (To be provided by the clerk of court)
     JAMES A. YATES, Warden,              )
11   _____   )   PETITION FOR A WRIT
                                           )   OF HABEAS CORPUS
12   _____   )   FIRST AMENDED
                                           )   PETITION  (PR)
13   _____   )
                                           )
14   (Enter the full name of respondent(s) or jailor in this action)  )
                                           )
15   ============================================================

16              Read Comments Carefully Before Filling In

17   When and Where to File

18         You should file in the Northern District if you were convicted and sentenced in one of these

19   counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20   San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma.  You should also file in

21   this district if you are challenging the manner in which your sentence is being executed, such as loss of

22   good time credits, and you are confined in one of these counties.  Habeas L.R. 2254-3(a).

23         If you are challenging your conviction or sentence and you were not convicted and sentenced in

24   one of the above-named fifteen counties, your petition will likely be transferred to the United States

25   District Court for the district in which the state court that convicted and sentenced you is located.  If

26   you are challenging the execution of your sentence and you are not in prison in one of these counties,

27   your petition will likely be transferred to the district court for the district that includes the institution

28   where you are confined.  Habeas L.R. 2254-3(b).

                                              ORIGINAL

PET. FOR WRIT OF HAB. CORPUS        - 1 -

1    <u>Who to Name as Respondent</u>

2        You must name the person in whose actual custody you are. This usually means the Warden or

3    jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4    you are imprisoned or by whom you were convicted and sentenced. These are not proper

5    respondents.

6        If you are not presently in custody pursuant to the state judgment against which you seek relief

7    but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8    custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9    was entered.

10   A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11       1. What sentence are you challenging in this petition?

12           (a)    Name and location of court that imposed sentence (for example; Alameda

13                  County Superior Court, Oakland):

14   Alameda County Superior Court       Oakland, California

15           Court                              Location

16           (b)    Case number, if known 146838.

17           (c)    Date and terms of sentence 21 years in state prison.

18           (d)    Are you now in custody serving this term? (Custody means being in jail, on

19                  parole or probation, etc.)          Yes X      No _____

20                  Where?

21                  Name of Institution: Pleasant Valley State Prison.
                    24863 W. Jayne Avenue, P.O. Box 8503
22                  Address: Coalinga, California  93210-8503.

23       2. For what crime were you given this sentence? (If your petition challenges a sentence for

24   more than one crime, list each crime separately using Penal Code numbers if known. If you are

25   challenging more than one sentence, you should file a different petition for each sentence.)
     **Count 1:** Spousal rape, Penal Code ("PC") § 262(a)(1); **Count 3:** Penetration
26   with a foreign object of spouse, PC § 289(a)(1); and Three prior felony
     convictions: 1993 assault with a firearm (alleged as "Two Strikes" prior
27   conviction) pursuant to PC §§ 667(e)(1) and 1170.12(c); 1993 corporal
     injury to a relative, and 1996 corporal injury to a relative, both of
28   which were alleged pursuant to PC § 667.5(b).

PET. FOR WRIT OF HAB. CORPUS      - 2 -

3. Did you have any of the following?

      Arraignment:                            Yes __X__    No _____

      Preliminary Hearing:                  Yes __X__    No _____

      Motion to Suppress:                  Yes _____    No __X__

4. How did you plead?

      Guilty _____    Not Guilty __X__    Nolo Contendere _____

      Any other plea (specify) _None._____

5. If you went to trial, what kind of trial did you have?

      Jury __X__    Judge alone_____    Judge alone on a transcript _____

6. Did you testify at your trial?               Yes __X__    No _____

7. Did you have an attorney at the following proceedings:

      (a)    Arraignment                Yes __X__    No _____

      (b)    Preliminary hearing         Yes __X__    No _____

      (c)    Time of plea                Yes __X__    No _____

      (d)    Trial                    Yes __X__    No _____

      (e)    Sentencing               Yes __X__    No _____

      (f)    Appeal                  Yes __X__    No _____

      (g)    Other post-conviction proceeding    Yes _____    No __X__

8. Did you appeal your conviction?         Yes __X__    No _____

      (a)    If you did, to what court(s) did you appeal?

            Court of Appeal           Yes __X__   No _____

            Year: _2006_____    Result: Judgment of conviction affirmed.

            Supreme Court of California    Yes __X__  No _____

            Year: _2006_____    Result: Petition for Review denied.

            Any other court            Yes _____  No _____

            Year: _____    Result: _____

      (b)    If you appealed, were the grounds the same as those that you are raising in this

| | | | | |
|---|---|---|---|---|
| 1 | | | petition? | Yes _____   No_ X _ |
| 2 | | (c) | Was there an opinion? | Yes _____   No_ X _ |
| 3 | | (d) | Did you seek permission to file a late appeal under Rule 31(a)? | |

Yes _·_   No_ X _

If you did, give the name of the court and the result:

N/A

_____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?                              Yes_ X _   No_____

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

(a)    If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I.    Name of Court: Alameda County Superior Court, Oakland, CA.

Type of Proceeding: Petition for writ of habeas corpus.

Grounds raised (Be brief but specific):
a. See copy of "Ground 1" of state habeas attached herewith behind this page (Page 3-A); and

b. See copy of "Ground 2" attached as Page 3-B.

c._____

d._____

Result: Petition denied.          Date of Result: 6-11-2007.

II.    Name of Court: California Court of Appeal (1st App. Dist.)

Type of Proceeding: Petition for writ of habeas corpus.

Grounds raised (Be brief but specific):

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

Due to the underlying constitutional violations previously alleged by petitioner in which he claimed on appeal that the trial court violated his Sixth Amendment right to counsel and committed reversible error by refusing to allow him to discharge his retained attorney, petitioner is "actually innocent" of the aggravated sentence imposed by the sentencing court within the meaning of Dugger v. Adams (1989) 489 U.S. 401, and Schlup v. Delo (1995) 513 U.S. 298, whereas the aggravated "upper term" imposed on Count One which was based on a mere "preponderance of the evidence" and not by his jury, was based on an "unknowing" and "unintelligent" waiver by petitioner, who was improperly advised by trial counsel with an impaired loyalty to petitioner.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

Pursuant to Rule 56.5, subdivision (b) of the California Rules of Court, and in

order to promote greater comprehension and clarity, petitioner seeks this Court's

permission (leave) to consolidate the "supporting facts" for this claim -- consisting

of both "prefatory facts" and "facts" -- in a single Statement of Facts beginning

at page four of this petition.

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

Also pursuant to Rule 56.5(b) of the California Rules of Court, and for the reason

already provided as a showing of "good cause", petitioner seeks this Court's

permission to bring all of his supporting cases, rules, and other authority in a

comprehensive "Memorandum of Points and Authorities."

7. **Ground 2 or Ground** _____ *(if applicable):*

Due to the underlying constitutional violations described in Ground One of this petition, petitioner is "actually innocent" of the aggravated sentence imposed by the sentencing court within the meaning of Dugger v. Adams (1989) 489 U.S. 401, and Schlup v. Delo (1995) 513 U.S. 298, whereas the aggravated "upper term" imposed on Count One for which petitioner was convicted was based on a "preponderance of the evidence" (if even that high of a standard), and not "proof beyond a reasonable doubt."

a. Supporting facts:

Please see Statement of Facts described in Section 6(a), beginning on page five.

b. Supporting cases, rules, or other authority:

Please see Memorandum of Points and Authorities following Prayer for Relief on page

23.

1     a. Same grounds described in a & b of 9(a), subpart I.

2     b. _____

3     c. _____

4     d. _____

5     Result: Petition denied. _____ Date of Result: 7-2-2007.

6     III.   Name of Court: California Supreme Court.

7     Type of Proceeding: Petition for writ of habeas corpus.

8     Grounds raised (Be brief but specific):

9     a. Same grounds described in a & b of 9(a), subpart I.

10    b. _____

11    c. _____

12    d. _____

13    Result: Petition denied. _____ Date of Result: 1-16-2008

14    IV.   Name of Court: N/A

15    Type of Proceeding: _____

16    Grounds raised (Be brief but specific):

17    a. _____

18    b. _____

19    c. _____

20    d. _____

21    Result: _____ Date of Result: _____

22    (b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

23    Yes _____    No  X

24    Name and location of court: _____

25    B. GROUNDS FOR RELIEF

26    State briefly every reason that you believe you are being confined unlawfully. Give facts to

27    support each claim. For example, what legal right or privilege were you denied? What happened?

28    Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

1    need more space. Answer the same questions for each claim.

2       [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3    petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4    499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

                The trial court violated petitioner's right to counsel

5    Claim One: under the Sixth Amendment to the U.S. Constitution, and committed reversible error by refusing to allow petitioner to replace

6    trial counsel because she was "ill-prepared to proceed" with trial.

7    Supporting Facts: PREFATORY FACTS: Petitioner was charged by a felony

8    information filed in Alameda County Superior Court on February 25,

9    2004, with spousal rape in violation of Penal Code section 262,

10    subdivision (a)(1); forcible oral copulation of spouse in violation

      (Supporting Facts continued on next page (Page 6-A).)

11    Claim Two: N/A

12

13    Supporting Facts:

14

15

16

17    Claim Three: N/A

18

19    Supporting Facts:

20

21

22

23       If any of these grounds was not previously presented to any other court, state briefly which

24    grounds were not presented and why:

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS      - 6 -

1   **PREFATORY FACTS** (continued): of Penal Code section 288a, subdivision (a)(2);

2   penetration by a foreign object of spouse in violation of Penal Code section

3   289, subdivision (a)(1); and false imprisonment by violence of spouse in

4   violation of Penal Code section 236. It was also alleged that petitioner

5   had three prior convictions, a 1993 assault with a firearm, and both a 1993

6   and 1996 corporal injury to a spouse/cohabitant/child's parent, and that

7   he had served two prior prison terms. Petitioner pled not guilty to all

8   counts and denied the prior convictions.

9   On August 6, 2004, the court relieved petitioner's appointed Deputy

10   Public Defender and petitioner retained Melina Burns as his counsel. Burns

11   appeared on petitioner's behalf on October 4 and 6, and December 6, 2004.

12   On December 6, petitioner informed the court that he would not accept the

13   prosecution's proposed plea agreement. The court indicated that it was going

14   to call in a jury panel and proceed with petitioner's trial on December 8th,

15   just two days hence. Petitioner did not raise any concerns about Burns'

16   representation of him in open court on that date. He did, however, discuss

17   the matter with Burns -- with negative results -- after court proceedings

18   that day, making his mind up to discharge Burns at the court proceeding.

19                        **FACTS**

20   A.  Petitioner's Efforts to
           Obtain Leave to Discharge

21          His Counsel at the December
           8, 2004 Hearing

22

23   On December 8, the trial court held a hearing with petitioner and

24   his retained counsel, Burns, to consider petitioner's request that Burns

25   be discharged. Petitioner told the court that Burns did not think they could

26   win, had not properly investigated the case, had not done certain things

27   at his request, failed to visit and confer with him for any length of time

at the county jail, and wanted him to accept an unfair plea agreement.

The trial court indicated its disfavor with petitioner's request, noting, among other things, that the case was almost a year old and had been sent to trial court, that 75 to 80 potential jurors were waiting downstairs, and that this was the first time petitioner was raising any concerns about Burns. When petitioner complained that Burns had not brought him back into court two days before, on December 6, so that he could express his concerns about her (Burns), the court indicated that it would have made no difference because had already been in trial court.

Petitioner contended on appeal that he told the trial court that he also had talked to Burns about making a discharge motion before December 6 and he was told that they should "put it off" until December 6. In response to the court's statement that petitioner had not raised the discharge issue before, petitioner stated that he had tried to talk to Burns the last time they had gone to court prior to December 6 and had been told to put "it" (the discharge motion) off for December 6. Petitioner also stated that he had told Burns in that same exchange that she needed to come out to the county jail and talk to him.

Petitioner pursued a number of issues about Burns' representation of him before the court. He contended that Burns had not pursued a list of witnesses that would have helped to establish his spouse's tendency to be untruthful (to lie), which list he contended, Burns had received in files turned over to her by petitioner's previous counsel. After Burns told the court that she had not heard of any people who could testify on petitioner's behalf before that date, petitioner stated that he had written four or five letters to Burns. Burns, however, indicated that those letters did not contain "names of witnesses who could help him."

6-B

1    Second, petitioner complained that Burns had not visited him in

2    jail enough to sufficiently prepare his case; which required conferring with

3    petitioner to elicit numerous facts.  Petitioner indicated in that regard

4    that he had asked Burns to visit him, but that Burns only made efforts to

5    visit him when she was first paid, and subsequently for only a couple of

6    minutes to discuss money (and not the case).  Burns indicated that she had

7    visited petitioner "[m]aybe three times."  The court noted that counsel had

8    appeared on petitioner's behalf on three prior occasions, and had four months

9    to prepare the defense.

10    Third, petitioner indicated that counsel (Burns) should have filed

11    a certain pre-trial evidentiary motion, which the trial court contended that,

12    such a motion was inapplicable to the case.

13    The court asked Burns if she was ready for trial, to which Burns

14    responded, "With what I have, yes, Your Honor."  The court then ruled that

15    they would proceed to trial, telling petitioner "all of this should have

16    been addressed before you got sent to a trial court."

17    Despite the court's ruling, petitioner continued to insist to the

18    court that he wanted to "fire" Burns.  After additional discussion on the

19    matter, the trial court stated:

20    "I will point out to you that you are in a trial court.

21    Your motion to discharge your attorney is ill-timed in

22    that the District Attorney has witnesses subpoenaed for

23    today's trial date and you do not have a replacement

24    attorney here in court to take up and try the case.

25    There is case law which says it would be error for me

26    to relieve counsel at trial unless there is another

27    attorney available who's ready to try the case and that

6-C

1    therefore any motion made to relieve counsel when sent

2    to a trial court is belated. That is one of the

3    motivating factors in which I am denying your motion."

4    Petitioner responded for the record that the court did not give

5    him a chance to show that his attorney did not come to visit him (for the

6    purpose of conferring and preparing a defense) and that she did not subpoena

7    witnesses who could testify on his behalf. The trial court responded that,

8    because trial testimony would not start for some time, there was "ample time

9    for your attorney ... to subpoena these witnesses to testify." Petitioner

10   then stated, "[i]f you are ordering her, then I'll feel comfortable." The

11   court then ordered Burns to discuss with petitioner the witnesses he wished

12   to call "and for her in her good judgment to determine whether or not their

13   testimony would be relevant and admissible. If she so determines, then she

14   is ordered to complete a full investigation to present a competent defense

15   on your behalf." Petitioner thanked the court and did not feel he needed

16   to pursue his objections about counsel any further at the December 6, 2004

17   hearing.

18   However, Burns stated that she could not "let my client try to

19   portray my representation as less than adequate." without addressing the

20   issue. She stated that petitioner had abused the privilege of calling her

21   office carte blanche without limitation or cost, that she had wanted to visit

22   him in an appropriate manner, and that she had stopped because "I felt that

23   he was being abusive and misrepresenting facts the facts to me." She stated

24   that she had "been conducting a competent defense[.]" The court responded

25   that it was making no findings about her representation at that point, and

26   that its purpose was to "ensure that Mr. Perkins has a competent defense

27   from here on in."

6-D

**1**      B.    The December 9th Hearing

**2**            On December 9, 2004, petitioner again asked to address the court

**3**      regarding his attorney.  He stated that "I feel like I'm fighting for my

**4**      life, I should have a counsel that wants to be here and wants to help me

**5**      win this case, and I don't feel like I have it with Ms. Burns here."  After

**6**      repeating his contention that Burns had not sufficiently conferred with to

**7**      develop his case, petitioner complained that Burns had moved the prior day

**8**      at a hearing on pre-trial evidentiary motions to exclude evidence of his

**9**      prior sex offenses when he had no such convictions, and that she had lied

**10**     about not having a list of his criminal record.

**11**           The court responded that Burns had "misspoke" about petitioner's

**12**     prior offenses and that the issues petitioner was raising had no impact on

**13**     his defense.  The court asked Burns how many times she had visited petitioner,

**14**     and she answered that to the best of her recollection it was two or three

**15**     times.  Petitioner stated that this was not true.  The court then referred

**16**     to the previous day's discussion, and stated that if petitioner had another

**17**     attorney ready to try the case, the court would allow a substitution.  The

**18**     court repeated its grounds for denying petitioner's motion to discharge Burns.

**19**     Petitioner claimed that a previous court date, rather than represent him

**20**     in any meaningful capacity whatsoever, Burns only "hollered at me" about

**21**     money.  Nevertheless, the court repeated its view that petitioner's motion

**22**     was too late, and asked Burns if she wanted to respond to petitioner's

**23**     allegations.  Burns stated that she had "substantial difficulty" with

**24**     petitioner over her payment, at one point being offered a television as

**25**     payment or collateral, and had been misled and manipulated by him.

**26**           The court indicated that neither Burns nor petitioner had brought

**27**     up any of their issues in a timely fashion.  The court repeated its ruling

                                        6-E

1   on petitioner's motion, and indicated again that the trial schedule gave
2   the defense three weeks to interview witnesses, take statements, and discuss
3   testimony.  The court stated, "I am not going to jeopardize a trial court
4   or the District Attorney's case suddenly because you decide you do not want
5   to have Ms. Burns as your attorney, never having brought it up before and
6   you don't have anybody ready to try the case."

7          Petitioner continued to argue, contending that Burns would not
8   share information with him about witnesses, to which Burns stated additional
9   time to subpoena witnesses was not an issue.  Burns stated that the "only
10  issue" was that she was "slightly delayed in making sure that I had all
11  motions in limine and pretrial motions filed."  However, she stated that
12  she was not asking for a continuance, and that she had no subpoena or factual
13  problems.  The court told her that any financial issues should have no impact
14  on her preparation or presentation of the defense case.

15  C.   The December 13th Hearing

16         On December 13, 2004, in another in camera session, petitioner,
17  through Burns, requested a referral to the Public Defender's office as an
18  indigent.  The court stated that the request was late.  Once more, petitioner
19  contended he was not able to previously raise the issue.  The court ruled
20  otherwise, finding that Burns had been his counsel of record for a number
21  of months, had appeared more than once on his behalf, and that petitioner
22  could have written to a judge before trial about his concerns, but did not.

23         Petitioner stated that his counsel did not want to represent him
24  and thought he was guilty.  The court stated that "if at any time during
25  the proceedings I perceive that Ms. Burns is not competently and adequately
26  and intelligently representing you I will call a halt to the proceedings
27  and reconsider ... I will monitor it very carefully."

6-F

1    D.    Evidentiary Motions

2           Both parties discussed various evidentiary motions with the court

3    prior to trial.    Petitioner contended on appeal that Burns' performance

4    regarding these motions clearly showed she was unprepared for trial.    Those

5    contentions are discussed further below, when petitioner discloses the state

6    (appellate) court's opinion.

7    E.    The Trial

8           At trial, neither party disputed that petitioner and his spouse,

9    who were married but separated at the time, met alone at a motel on December

10    13, 2004, went on errands together, returned to the motel, ate seafood,

11    revealed certain information to each other and drank some vodka while playing

12    a card game called "The Truth," and that sex between them occurred.    They

13    also did not dispute that in May 2002, the spouse had given a statement to

14    the police that petitioner had physically attacked, which led to his arrest.

15    She changed her story later at a preliminary hearing, which she insisted

16    was later the truth, leading to petitioner's release.

17           The prosecution, relying almost exclusively on the spouse's

18    testimony, contended that petitioner raped his spouse at the motel on December

19    13, 2004, after he became angry when she disclosed during their playing of

20    "The Truth" that she was dating someone else; that she had tried, but had

21    been prevented by petitioner from leaving the motel room; and that she had

22    repeatedly told him that she did not want to have sex with him and/or asked

23    him to stop.

24           Petitioner testified on his own behalf. He said that he had told

25    his spouse that she needed to have sex with him in order to receive money

26    that she had asked of him, and that they had then engaged in consensual sex,

27    after he told her that he would not give her any money and left. Petitioner's

6-G

1    defense relied significantly on the contention that his spouse was lying,

2    and that she was prone to such lying.  Among other things, petitioner's

3    defense emphasized his spouse's previous report to the police in May 2002

4    that he had physically abused her, a charge which she later retracted.

5    Petitioner's spouse testified at trial, however, that she had not told the

6    truth at the preliminary hearing about the May 2002 incident.  She said that

7    she had done so because she did not want petitioner to go to jail, since

8    he had promised that he would get some help, move out, and leave her alone.

9        Petitioner waived his right to a jury trial on the prior conviction

10   allegations and admitted their truth.  The jury convicted petitioner of

11   spousal rape and penetration with a foreign object, but acquitted him of

12   the oral copulation and false imprisonment charges.  Petitioner received

13   a 21-year sentence, comprised of an upper term for spousal rape, doubled

14   because of a prior strike, to 16 years; a concurrent 16-year term for sexual

15   penetration with a foreign object; and a consecutive five-year term for a

16   prior conviction.  Petitioner timely appealed his conviction in state court.

17   F.    State Court's Denial[1/]

18       The state court recognized petitioner contentions that the trial

19   court violated his right to counsel under the Sixth Amendment of the federal

20   constitution and committed a reversible error by refusing to allow him to

21   discharge Burns because she was "ill-prepared to proceed." (California Court

22   of Appeal's Opinion affirming petitioner's judgment of conviction dated August

23   11, 2006 ("Opinion"), at p. 7.) The state court Opinion went on to reason

24   that, "Nothing in the record indicates that the court was required to grant

25

26       1/    Whereas the California Supreme Court denied discretionary review
         of petitioner's Petition for Review, the Court of Appeal issued the only
27   reasoned opinion in denying his claims raised herein.

1   Perkins's request in order to preserve his constitutional rights to counsel.
2   We find the trial court acted within its discretion in denying Perkins's
3   request." (Ibid.)

4   G.    State Court's Reason For Denial

5         The California Court of Appeal made the following "Discussion"
6   in giving its reasons for denying petitioner's claims:

7         Our Supreme Court summarized the governing law regarding a
8         defendant's right to discharge his or her counsel in People v.
9         Ortiz (1990) 51 Cal.3d 975. "The right of a criminal defendant
10        to counsel and to present a defense are among the most sacred and
11        sensitive of our constitutional rights. [Citation.]  While we have
12        recognized competing values of substantial importance to trial
13        courts, including the speedy determination of criminal charges,
14        the state should keep to a 'necessary minimum its interference
15        with the individual's desire to defend himself in whatever manner
16        he deems best, using any legitimate means within his resources'
17        [citation].  A criminal defendant's right to decide how to defend
18        himself should be respected unless it will result in 'significant
19        prejudice' to the defendant or in a 'disruption of the orderly
20        processes of justice unreasonable under the circumstances of the
21        particular case.' [Citation.] [¶]...[T]he right to counsel of choice
22        reflects not only a defendant's choice of a particular attorney,
23        but also his decision to discharge an attorney whom he hired but
24        no longer wishes to retain.["] (Id. at p. 982.)

25        "A nonindigent defendant's right to discharge his retained
26        counsel, however, is not absolute.  The trial court, in its
27        discretion, may deny such a motion if discharge will result in

6-I

1   'significant prejudice' to the defendant [citation], or if it is

2   not timely, i.e., if it will result in 'disruption of the orderly

3   processes of justice' [citations] ... [citation], the 'fair

4   opportunity' to secure counsel of choice provided by the Sixth

5   Amendment 'is necessarily [limited by] the countervailing state

6   interest against which the sixth amendment right provides explicit

7   protection: the interest in proceeding with prosecutions on an

8   orderly and expeditious basis, taking into account the practical

9   difficulties of "assembling the witnesses, lawyers, and jurors

10  at the same place at the same time."' The trial court, however,

11  must exercise its discretion reasonably: 'a myopic insistence upon

12  expeditiousness in the face of a justifiable request for delay

13  can render the right to defend with counsel an empty formality.'

14  [Citation.]" (People v. Ortiz, supra, 51 Cal.3d at pp. 983-984.)

15  Furthermore, when ruling on a timely motion to discharge retained

16  counsel, "a court must not consider whether a defendant is indigent

17  and will require appointment of counsel in ruling on his timely

18  motion to discharge retained counsel." (Id. at p. 987.)

19      We will not reevaluate the evidence when reviewing the trial

20  court's exercise of its discretion. "'An appellate tribunal is

21  neither authorized nor warranted in substituting its judgment for

22  the judgment of the trial judge.' [Citation.] In the absence of

23  a clear showing that its decision was arbitrary or irrational,

24  a trial court should be presumed to have acted to achieve legitimate

25  objectives and, accordingly, its discretionary determinations ought

26  not to be set aside on review." (People v. Preyer (1985) 164

27  Cal.App.3d 568, 573-574.)

6-J

1    With these standards in mind, we turn to Perkins's contentions
2    about the trial court's actions below.  The trial court reasonably
3    concluded that Perkins's December 8 motion to the court was
4    untimely.  Perkins made his motion on the first day before the
5    trial court, when the court had gathered potential jurors and the
6    prosecution had subpoenaed witnesses. (See People v. Courts (1985)
7    37 Cal.3d 784, 792 fn. 4 [referring favorably to appellate court
8    denials of "eve-of-trial, day-of-trial, and second-day-of-trial
9    requests" for continuances to obtain counsel based on the lateness
10   of the request, "which justified a denial where there was no
11   compelling circumstances to the contrary"].)  Burns stated that
12   she had been competently defending Perkins and was ready to proceed
13   with the trial.  Perkins had no substitute for his counsel, and
14   granting his request obviously would have required a continuance.
15   When Perkins complained that Burns had not interviewed or subpoenaed
16   witnesses that would help his case, a contention to which Burns
17   did not necessarily agree, the court determined that in any event
18   Burns had sufficient time to do [so] before presenting a defense
19   at trial, and ordered her to confer with her client about possible
20   witnesses.  Clearly, the orderly and expeditious administration
21   of justice was served by the trial court's exercise of its
22   discretion to deny Perkins's request. (Cf. People v. Turner (1992)
23   7 Cal.App.4th 913, 919 [motion properly denied on first day of
24   trial]; People v. Lau (1986) 177 Cal.App.3d 473, 479 [same]; People
25   v. Murphy (1973) 35 Cal.App.3d 905, 915-916 [before and on day
26   of trial]; People v. Johnson (1970) 5 Cal.App.3d 851, 858-859
27   [same].)

1          Perkins argues that his request to discharge counsel was not

2     untimely under the circumstances because his "earlier attempts

3     to discharge counsel had been thwarted by retained counsel herself."

4     He contends, as already noted, that he had previously raised the

5     discharge issue with counsel on December 6, and as far back as

6     an October 6 court appearance. If in fact Perkins wanted new

7     counsel as early as October 6 (as already noted, the record is

8     not entirely clear on this point), he nonetheless fails to

9     adequately explain his failure to raise the issue, such as by

10    writing, to the court. Burns's purported advice that Perkins wait

11    to raise before the court hardly "thwarted him" from doing so if

12    he truly wished to obtain new counsel. Furthermore, there is no

13    indication that Perkins ever sought other possible counsel.

14    Instead, the record indicates that he continued to work with Burns

15    after October 6, including through the December 6 court hearing

16    and their unsuccessful plea negotiations with the prosecution.

17    Thus, there is a serious question about the extent of his desire

18    to replace Burns prior to December 8. Regardless, even by his

19    own account, Perkins did not do anything to obtain Burns's discharge

20    other than discussing it with her. This is not sufficient for

21    us to find that the trial court acted outside of its discretion

22    in determining that his request was untimely.

23          Perkins, relying heavily on Bland v. California Dept. of

24    Corrections (9th Cir. 1994) 20 F.3d 1469 (Bland)(overruled on other

25    grounds in Schell v. Witek (9th Cir. 2000) 218 F.3d 1017, 1024-

26    35), also argues that he was prejudiced by Burns's purported lack

27    of preparation for trial. In Bland, the Ninth Circuit determined

6-L

1       that, under California law, a trial court has the discretion to

2       deny an eve-of-trial motion to discharge retained counsel where

3       a substitution would require a continuance, but found the record

4       did not support a finding of untimeliness under the circumstances

5       of that case. (Bland, at p. 1476.)  In essence, the privately

6       retained defense attorney twice failed to appear for trial.  The

7       court held counsel in contempt and ordered a bench warrant issued.

8       When counsel appeared in court a few days later, on the eve of

9       trial, he stated that he was not ready for trial and requested

10      the appointment of a public defender.  The trial court denied the

11      request to discharge the defense counsel, improperly doing so

12      summarily without making the requisite inquiry. (Id. at pp. 1474-

13      1476.)  Perkins contends that Burns was as unprepared as the lawyer

14      in Bland.  Putting aside that Bland is not controlling California

15      authority (see People v. Bradley (1969) 1 Cal.3d 80, 86), we review

16      Perkins's specific contentions.

17          First, Perkins contends that Burns failed to pursue witnesses

18      who could have testified about the spouse's character for

19      untruthfulness.  Perkins ignores his December 8 statement to the

20      court that he was "comfortable" after the court explained that

21      the defense still had ample opportunity to pursue potential

22      witnesses and ordered Burns that she discuss the matter with him.

23      Perkins also ignores Burns's subsequent indication to the court

24      that she did not need additional time to subpoena witnesses.

25          The trial record also does not support Perkins's contention

26      that Burns failed to present important witnesses for the defense.

27      The defense did not begin presenting its case until 20 days after

1   Perkins raised the issue. Perkins does not point to anything in

2   the record which indicates that Burns failed to comply with the

3   court's order to discuss with Perkins his list of potential

4   witnesses during that time. Furthermore, Burns pursued the issue

5   of the spouse's credibility, cross-examining the spouse regarding

6   her inconsistent statements to authorities regarding the May 2002

7   domestic incident with Perkins, and argued in closing that the

8   spouse was dishonest. We see no reason why Burns's unwillingness

9   to pursue witnesses Perkins may have suggested establishes that

10  she was unprepared for trial, particularly when Perkins's comments

11  to the court indicate that he did not always understand legal

12  matters, such as when the court informed Perkins that an evidentiary

13  motion he insisted Burns should have filed was inappropriate.

14      Perkins next contends that the record of Burns participation

15  in the hearing of various pre-trial evidentiary motions demonstrates

16  that she was unprepared for trial, despite her representations

17  to the court. First, regarding the prosecution's request to admit

18  evidence of a prior conviction pursuant to People v. Poplar (1999)

19  70 Cal.App.4th 1129, Burns asked the court not to rule on the matter

20  because she was "not finished researching this one and I'd ask

21  for a little bit of time on this one." The court passed on the

22  motion to give counsel further time. At hearing the next day,

23  Burns reported that she had read the case law and it was on point,

24  conceding the admissibility of the convictions. The court granted

25  the prosecution's motion. Perkins argues that the record shows

26  Burns did not read the case cited by the prosecution. Burns

27  comments do not indicate that she failed to read the case cited

6-N

1   by the prosecution, but only that she won a slight delay in the

2   court's ruling so that she could pursue her research in opposition

3   to the motion.

4       Second, regarding the prosecution's motion to admit certain

5   prior convictions for act involving moral turpitude for impeachment

6   purposes, Burns stated that she did not "have a complete list of

7   his prior felony convictions, and I wanted to make sure that I

8   have an accurate list of the dates and the nature of those

9   convictions." The court ordered the prosecution to provide a list

10  to Burns, and indicated that its tentative rule was to admit the

11  evidence. Notably, Perkins does not contend that the evidence

12  was inadmissible. Again, the record indicates that Burns was

13  seeking every opportunity to review all of the material pertinent

14  to a motion made by the prosecution, and not necessarily that she

15  was unprepared for trial.

16      Third, Perkins contends Burns performed incompetently regarding

17  two motions dealing with the spouse's sexual conduct. Regarding

18  the prosecution's motion to exclude evidence of the spouse's sexual

19  conduct with individuals other than Perkins, Burns indicated that

20  the defense did not intend to introduce such evidence and the court

21  granted the motion. Perkins stated that it was not appropriate

22  because Burns did not know what kind of evidence he could show

23  her. The court indicated it would be happy to reconsider the

24  ruling, if necessary, after Perkins discussed his evidence with

25  Burns and presented additional theories under which they might

26  wish to proceed.

27      Furthermore, regarding the prosecution's motion to exclude

6-0

**1**  any evidence that the spouse may have considered having sex with

**2**  Perkins and another individual for monetary consideration, Burns

**3**  indicated that she had "not discussed an issue of the three-way

**4**  relationship, as to how it would bear on the case at all."  The

**5**  court then granted the motion to exclude, unless the defense came

**6**  up with competent evidence that it was contemplated and communicated

**7**  by the spouse, and was relevant to the charges.

**8**  Perkins's arguments that Burns's failure to pursue these

**9**  matters shows she was unprepared for trial are unpersuasive.

**10**  Counsel is not obligated to pursue every issue that her client

**11**  might believe to be useful.  Burns's representations that she was

**12**  ready for trial and that she did not have an issue with pursuing

**13**  additional witnesses indicate that she did not consider pursuing

**14**  the spouse's sexual conduct with others to be useful to the defense.

**15**  Perkins fails to explain on appeal how they would have aided his

**16**  cause any more than the defense Perkins did provide at trial, which,

**17**  as we have already discussed, included an attack on the spouse's

**18**  credibility.

**19**  Fourth, regarding the defense motion to exclude Perkins's

**20**  statement to his spouse during a recorded telephone conversation,

**21**  Burns stated that she was relying on Penal Code sections 630 to

**22**  637.5.  The court recalled a code section that allowed in such

**23**  a recorded conversation for the purposes of ascertaining past

**24**  unreported sexual conduct, and asked the prosecution to have the

**25**  code section available the next day. The next day, the court denied

**26**  the defense motion to exclude the recorded conversation between

**27**  the spouse and Perkins because, among other thing, one of the

6-P

1    statutes contained in Burns's supporting citation, Penal Code

2    section 633.5, allowed for the admission of such a recording.

3    Once more, the record indicates only that Burns made an effort

4    to oppose the admission of evidence that was admissible. Perkins

5    fails to show what Burns could have done otherwise to exclude the

6    statement.  Notably, he does not contend that Burns's citation

7    was incorrect.

8        Fifth, regarding a defense motion, the court noted that Burns

9    had filed a motion to exclude evidence of alleged prior sexual

10   offenses by Perkins, but that the prior offenses involved burglary

11   and spousal battery, but not sexual offenses.  Burns indicated

12   the subject matter was the same as the prosecution's motion

13   regarding certain prior convictions, for which the court had granted

14   counsel further time to consider, and suggested the court take

15   up the motions at the same time.  The court agreed to do so.

16   Clearly, Burns misstated the nature of Perkins's prior offenses.

17   However, the fact remains that Burns had prepared the motion to

18   exclude the convictions.  As already indicated, Perkins fails to

19   show what else Burns could have done to prevent the admission of

20   his convictions.  Her misstatement, while unfortunate, is not

21   sufficient to establish that she was unprepared to adequately defend

22   Perkins.

23       Finally, Perkins complains that counsel frankly conceded that

24   her financial negotiations with Perkins had "'slightly delayed'

25   her in 'making sure [she] had all motions in limine and pretrial

26   motions filed.'"  However, Perkins does not point to anything that

27   was affected by this slight delay,[2] nor does the record suggest

6-Q

1    this was the case. To the contrary, the record of the trial

2    indicates that Burns was adequately prepared to defend Perkins.

3    Notably, Perkins does not raise any issues about Burns's conduct

4    during the trial itself.

5        Having carefully reviewed the record, we see nothing that

6    supports the contention that Burns was not prepared to adequately

7    defend Perkins at trial. Perkins fails to demonstrate how his

8    situation is comparable to that found in Bland, supra, 20 F.3d

9    1469. We conclude that the trial court acted within its discretion

10   to deny Perkins's motion to discharge Burns.

11

12       2  Perkins also refers to his complaints before the trial
     court that Burns had not visited him sufficiently prior to trial.
13   However, Perkins does not point to anything which indicates that
     Burns failed to meet with him or otherwise discuss the case so
14   as to jeopardize the defense in any way.

15   (Opinion, at pp. 7-14.) (Emphasis in original.)

16

17

18

19

20

21

22

23

24

25

26

27

6-R

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3    of these cases:

4    <u>Bland v. California Dept. of Corrections</u>, 20 F.3d 1469, 1478 (9th Cir.

5    1994)); and <u>United States v. Gonzalez-Lopez</u> (2006) 126 S.Ct. 2557. **NOTE:**

     <u>Gonzalez-Lopez</u> was decided by U.S. Supreme Court while petitioner's

6    Petition for Review was pending in the California Supreme Court.

7    Do you have an attorney for this petition?                    Yes_____      No_X___

8    If you do, give the name and address of your attorney:

9    _____

10   WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11   this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13   Executed on _Feb 6, 2008_              _Randy E. Perkins_

14              Date                            Signature of Petitioner

15

16

17

18

19

20   (Rev. 6/02)

21

22

23

24

25

26

27

28

     PET. FOR WRIT OF HAB. CORPUS          - 7 -

## PROOF OF SERVICE BY MAIL
(C.C.P. sec. 1013(a) & 2015.5; 28 U.S.C. sec. 1746.)


I, ___Randy Eric Perkins___, am a resident of Pleasant
Valley State Prison at Fresno County in the City of Coalinga.
I am over the age of eighteen (18) years and I [am][am not]
a party to the above-entitled action.  My prison address is:

**Pleasant Valley State Prison, 24863 W. Jayne Avenue, P.O.
Box 8503, Colainga, CA  93210-8503.**

On February __6__ , __2008__ , I served the foregoing:

### PETITION FOR WRIT OF HABEAS CORPUS

### FIRST AMENDED PETITION

(Set forth exact title of document(s) served.)


on the party(s) herein by placing a true copy(s) thereof,
enclosed in a sealed envelope(s), with postage thereon fully
paid, in the United States Mail, deposited in a manner so
provided at Pleasant Valley State Prison, and addressed as
follows:

> UNITED STATES DISTRICT COURT
> Northern District of California
> Office of the Court Clerk
> 450 Golden Gate Avenue
> Box 36060
> San Francisco, CA  94102

> EDMUND G. BROWN, JR.
> California Attorney General
> 455 Golden Gate Avenue
> Suite 11000
> San Francisco, CA  94102


There is delivery service by United States Mail at the
place so addressed, or there is regular communication by mail
between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing
is true and correct.

EXECUTED, this __6th__ day of __February__ , __2008__ .

_Randy E. Perkins_
DECLARANT/SERVER



Randy E. Perkins, V70775
C-3-109, P.O. Box 8503
Coalinga, CA 93210

RECEIVED

FEB 11 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United State District Court
Northern District of California
Office of the Court Clerk
450 Golden Gate Avenue
Box 36060
San Francisco, CA 94102

THIS MAIL WAS GENERATED FROM
PLEASANT VALLEY STATE PRISON

LEGAL MAIL

Law Library
Facility C

PleAsAnt VAlley StAte PRison
RANdy E. PERkins, V70775
C-3-108, P.O. Box 8503
CoalingA, CA 93210

THIS MAIL WAS GENERATED FROM
PLEASANT VALLEY STATE PRISON

RECEIVED

FEB 11 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United StAte DistRict C
NoRthERN DistRict of CAl
Office of the CouRt Cle
450 GoldEn GAte AvenU
Box 36060
SAN FRANCisco, CA 9

